UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE WILLIAMS,<br><br>　Plaintiff,<br><br>　v.<br><br>EPISCOPAL SERVICES,<br><br>　Defendant. | Case No. 15-cv-04868-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 6 |

On November 13, 2015, Magistrate Judge James issued a report and recommendation (the "Report") in this case. Dkt. 6. The Report recommends dismissing plaintiff's complaint with leave to amend. *Id.* at 6. The basis of the dismissal is plaintiff's failure to plead the jurisdictional basis upon which he can advance his complaint in federal court. *Id.* at 4-5. As the Report explains, federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). There are two bases for federal subject matter jurisdiction: (1) diversity jurisdiction under 28 U.S.C. § 1332, and (2) federal question jurisdiction under 28 U.S.C. § 1331.

As to diversity jurisdiction, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. On the cover sheet of his complaint, plaintiff checked the box indicating that the basis of jurisdiction is diversity. Dkt. 1-1. However, he states that he is a citizen of California and defendant has its principal place of business in this state. *Id.* Thus, diversity jurisdiction is lacking.

But as the Report explains, it is not absolutely clear that plaintiff cannot state a federal cause of action pursuant to federal question jurisdiction. Dkt. 6 at 6; *Akhtar v. Mesa,* 698 F.3d

1202, 1212 (9th Cir. 2012). In order to do this successfully, plaintiff must allege that the named defendant violated his federal rights, and identify those rights. Plaintiff must also allege enough facts for the Court to determine whether he can state a cognizable claim for relief. The complaint as currently pled makes vague references to threats and harassment. Dkt. 1 at 2. It fails to allege sufficient facts and instead relies on general complaints and conclusory statements. Dkt. 1 at 2-3.

The Court therefore **ADOPTS** the Report and Recommendation and **DISMISSES** plaintiff's complaint with leave to amend. **Plaintiff shall file his amended complaint no later than January 29, 2015.** There is currently no Case Management Conference scheduled for this matter. The Court advises plaintiff to monitor ECF updates in order to determine upcoming dates and deadlines.

**IT IS SO ORDERED**.

Dated: December 16, 2015

SUSAN ILLSTON
United States District Judge